Coös,
Dec., 1899.

### CURRIER & a. v. THOMPSON & a.

In an action to determine the title to real estate, a plaintiff in possession is entitled to a decree against a defendant whose claim by deed is supported by evidence so indefinite and unsatisfactory that any determination of the question would be merely conjectural.

BILL IN EQUITY, to determine the title to real estate. Facts found by a referee. The bill was dismissed, except as against George F. Thompson and Eleanor Royce.

*Henry Heywood* and *Worcester, Gafney & Snow*, for the plaintiffs.

*Albert S. Twitchell*, for the defendants.

PEASLEE, J. The matter in dispute is the title to 1,200 acres of the northerly portion of Pinkham's Grant. The deed under which the defendants claim states that the land is in Pinkham's Grant; but the lots described are in Green's Grant,— a tract adjoining Pinkham's Grant on the north. The referee found that to determine "what land was covered by the deed would be conjecture;" "that the description in the deed is contradictory, and,

under the circumstances, indefinite." The intention of the parties being determinable, " not by rules of law, but by the balance of probabilities found in the compotent evidence tending to prove the fact of intention " (*Smith* v. *Furbish*, 68 N. H. 123, 134), the deed must fail, since the evidence is so indefinite and contradictory that any determination of the question would be mere conjecture. The defendants never had possession of the land, and the failure to show title by deed applicable to the property in question is fatal to their claim. As against them, the plaintiffs, who are in possession, are entitled to a decree. P. S., *c.* 205, *s.* 2.

*Case discharged.*

All concurred.